**PERRY & SHAPIRO, L.L.P.**
3300 N. Central Avenue, #2200
Phoenix, Arizona 85012
(602) 222-5711
(602) 222-5701 Facsimile
(847) 627-8802 Facsimile
AZNotices@logs.com, e-mail
Christopher R. Perry, Bar #009801
Jason P. Sherman, Bar #019999
Attorneys for Chase Home Finance LLC
and JP Morgan Chase Bank N.A.
[FILE 09-011046 CHE]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Case # 4:09-bk-03696-EWH |
| GERALD DENNIS MARA AND PAULETTE MARA, | Chapter 13 Proceedings |
| Debtor. | |
| CHASE HOME FINANCE LLC AND JP MORGAN CHASE BANK N.A., its assigns and / or successors-in-interest, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Movant, | Re: Real Property located at 13413 East Almond Crest Drive |
| v. | Tucson, AZ 85641 |
| GERALD DENNIS MARA AND PAULETTE MARA, Dianne C. Kerns, Trustee, | |
| Respondents. | |

Chase Home Finance LLC and JP Morgan Chase Bank N.A., ("CHASE"), through undersigned counsel, moves this Court for an Order granting relief from the automatic stay of 11 U.S.C. § 362 and any other limitations against lien enforcement against the property, rents, issues, and profits of Gerald Dennis Mara and Paulette Mara, ("Debtor"); or, in the alternative, conditioning the use, sale, or lease of such property, rents, issues, or

profits as is necessary to provide CHASE with adequate protection of its secured interest in certain real property. This Motion is supported by the following Memorandum of Points and Authorities.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

<u>Statement of Facts:</u>

1. CHASE is the holder or servicer of a promissory note, ("CHASE Note"), made, executed, and delivered by Paulette Mara and Dennis G. Mara, on or about December 13, 2005 in the original sum of $248,000.00. The CHASE Note is secured by a Deed of Trust dated December 13, 2005, recorded as a lien in first position at Pima County Recorder's Number 20052441162 against certain real property, ("the Property"), generally described as 13413 East Almond Crest Drive, Tucson, AZ 85641 and legally described as:

> LOT 1106, RANCH DEL LAGO, ACCORDING TO THE SUBDIVISION RECORDED IN THE OFFICE OF THE PIMA COUNTY RECORDED, PIMA COUNTY, ARIZONA, IN BOOK 57 OF MAPS PAGE 34.

True and correct copies of the CHASE Note and Deed of Trust held by CHASE are attached hereto as Exhibits 'A', and 'B'.

2. The Debtor filed a Chapter 13 Bankruptcy petition on March 3, 2009.

3. The regular monthly payments on the CHASE Note falling due since February 2009 have not been paid.

4. The total outstanding debt owed on the CHASE Note is now approximately $242,277.70.

5. In accordance with the terms of the CHASE Note and Deed of Trust, the CHASE Note is in default and, accordingly, the entire unpaid principal balance together with interest, late charges, and attorney's fees and costs may be declared due.

6. In connection with the above-described default, CHASE has incurred attorney's fees and costs to protect its secured interest.

7. Upon information and belief, there is no equity in the Property because the liens exceed the fair market value thereof.

8. Upon information and belief, the Property is not necessary for an effective reorganization.

9. The secured interest of CHASE in the Property has not been adequately protected, nor has CHASE been offered adequate protection by the Debtor.

**Discussion:**

Bankruptcy Code § 362(d) provides for relief from the automatic stay upon the request of a party in interest on either of two grounds: (1) for cause, including lack of adequate protection of an interest in the property; or (2) the debtor has no equity in the property and the property is not necessary for an effective reorganization of the debtor.

The party seeking relief from the stay has the burden of proof only on the issue of the debtor's equity in the collateral; any party opposing the requested relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Therefore, unless a party opposing relief produces evidence on these issues, CHASE is entitled to relief without presenting any evidence whatsoever. See, In re L.H. & A. Realty Co., Inc., 57 B.R. 265 (Bankr. D. Vt. 1986).

## I.  **LACK OF EQUITY IN THE PROPERTY**

Bankruptcy Code § 362(d)(2) authorizes the court to lift the automatic stay of an act against property where the debtor has no equity in such property and the property is not necessary for an effective reorganization. In re Diplomat Electronics Corp., 82 B.R. 688 (Bankr. S.D.N.Y. 1988).

In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered. In re McCall, 25 B.R. 199 (Bankr. E.D. Pa. 1982); In re Taylor, 28 B.R. 691 (Bankr. S.D. Ohio 1983); In re Paolino, 68 B.R. 416 (Bankr. E.D. Pa. 1986); In re Rye, 54 B.R. 180 (Bankr. D.S.C. 1985).

Where the Court is determining the equity in the property, it is immaterial whether all the lienholders join in their request for relief from the stay. In re Nashua Trust Co., 73 B.R. 423 (Bankr. D.N.J. 1987). In addition, the valuation

assigned to the subject property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund, 18 B.R. 283 (Bankr. S.D. Cal. 1982).

In the instant case, CHASE alleges that there is no equity in the Property and no prospect or intent to reorganize. At the final hearing on this Motion, if any, CHASE will produce evidence that there is no equity in the Property. Any party opposing this Motion has the burden of proof on all other issues. 11 U.S.C. § 362(g).

## II. RELIEF FOR CAUSE – Lack of Adequate Protection

Even where the debtor has equity in Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), for cause, including where the Creditor's interest in the property is not adequately protected. In re Pliss, 34 B.R. 432 (Bankr. D. Or. 1983).

Any party opposing this Motion has the burden of proving a lack of cause, even when the debtor asserts that the equity in the property furnishes the creditor with adequate protection. In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on other grounds).

The creditor's substantiated allegations that it is entitled to relief for cause are sufficient for granting relief if not refuted by the debtor. In re Marta Group, Inc., 33 B.R.

634 (Bankr. E.D. Pa. 1983). If the debtor fails to meet this burden, the moving party is entitled to relief under § 362(d)(1). In re Kim, supra.

In the instant case, the Debtor has been in default under the terms of the CHASE Note since February 2009. This default constitutes cause under § 362(d)(1). Additionally, the Debtor has not provided CHASE with adequate protection of its interest in the Property. Failure to provide adequate protection is also cause to lift the automatic stay.

### III. AUTOMATIC TERMINATION OF THE STAY AS A MATTER OF LAW

The automatic stay is terminated as a matter of law 30 days after this Motion is filed with the Court unless the Court, after notice and a hearing, orders the stay continued in effect pending the outcome of a final hearing on this Motion. 11 U.S.C. § 362(e).

### REQUEST FOR RELIEF

For the foregoing reasons, CHASE respectfully requests:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit CHASE, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce CHASE's interest against

the Property, including, but not limited to, the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial foreclosure or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law;

2. That pending final hearing on the merits hereof, an Order may be entered permitting CHASE to record, mail, post, and publish Notice of Trustee's Sale under the Deed of Trust and state law, except that CHASE shall be directed to postpone the Trustee's Sale from time to time as necessary until this court grants further relief pursuant to 11 U.S.C. § 362(d) or (e), or until the automatic stay expires by operation of law.

In the alternative, that CHASE be awarded adequate protection of its interest in the Property, more specifically that the Debtor be ordered to pay all amounts now in arrears under the Deed of Trust; maintain monthly cash payments to CHASE equal to the regular monthly payment amount for the continued use and occupancy of the Property and to protect the interests of CHASE; and further that CHASE shall be granted immediate relief from the automatic stay for any failure by the Debtor to adequately protect CHASE's interest in the Property or make the required payments;

3. That this Court's Order herein be binding on the Debtor with respect to any subsequent conversion to another chapter or subsequent filing of another bankruptcy petition by the Debtor which may affect CHASE's interest in the Property; and

4. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 20th day of April, 2009.

Perry & Shapiro, L.L.P.

/s/ JPS Bar #019999
Christopher R. Perry
Jason P. Sherman
Attorney for Chase Home Finance LLC and JP Morgan Chase Bank N.A.

Original filed this 21st day
of April, 2009 with:

United States Bankruptcy Court
38 S Scott Ave, Suite 204
Tucson, AZ 85701

Copy of the foregoing was mailed
this 21st day of April, 2009 to:

Chapter 13 Trustee:
Dianne C. Kerns
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305

Attorney for Debtor:
Alan R. Solot, Esq.
459 N. Granada Avenue
Tucson, AZ 85701

Debtor:
Gerald Dennis Mara and Paulette Mara
13413 East Almond Crest Drive
Tucson, AZ 85741


By /s/ Stephanie Sandford